

# THE ATTORNEY GENERAL
## OF TEXAS

*See reconsideration of opinion*

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 23, 1964

Mr. R. C. Goodwin, President
Texas Technological College
Lubbock, Texas

Opinion No. C-273

Re: Authority of Texas
Technological College
to purchase and cancel
its Constitutional Tax
Bonds.

Dear Sir:

 With regard to Board of Directors of Texas Tech-
nological College Constitutional Tax Bonds, Series 1958,
Series 1958-A, and Series 1959, originally issued in the
total amount of $7,645,000, you requested an opinion as
follows:

> "The above bonds, which are payable out of
> the five-cent ad valorem tax levied by
> Article VII, Section 17, as amended, of the
> Texas Constitution, have matured or mature
> serially in the years 1959 to 1968, both
> inclusive.  These bonds and the resolution
> authorizing same do not contain provisions
> which would give the Board of Directors of
> Texas Technological College the option to
> call such bonds prior to their stated maturi-
> ties.  However, there is being accumulated in
> the Interest and Sinking Fund held by the
> Comptroller of the State of Texas for the
> benefit of these bonds, moneys in excess of
> the amount required to meet the interest and
> principal payments as such fall due and ma-
> ture.

> "We are advised that the Board will save con-
> siderable money if some of such bonds out-
> standing can be purchased with such funds at
> prices less than the stated principal amount.

"It is requested that you advise whether it will be permissible to employ such funds for the purpose of purchasing such bonds prior to their stated maturities. It is not contemplated that such funds would be used in a manner which would precipitate a default in the payment of principal of or interest on any of the outstanding bonds in accordance with the terms thereof".

We have re-examined the transcripts of proceedings underlying the issuance of these bonds, including the resolutions by the Board of Directors of Texas Technological College which authorized the issuance of the bonds, and are of the opinion that it is permissible to employ moneys in the Interest and Sinking Funds for the purpose of purchasing, for cancellation, outstanding bonds of the three series described prior to their stated maturities at prices equal to or less than the stated principal amounts.

All bonds of these three issues are on a parity. This is illustrated by Section 6 of the Resolution pertaining to issuance of the Series 1959 bonds, as follows:

"6. <u>Bonds of Issue on Parity</u>. That no one of said Bonds shall be entitled to priority over any other Bond of this issue in the application of the money in the Allocated Fund which has been pledged to the payment of the principal of and interest on the Bonds, irrespective of the fact that some of the Bonds may be delivered prior to the delivery of other Bonds, it being the intent of this Resolution that all Bonds of this issue shall rank equally. The Bonds of this issue shall be in all respects on a parity with the Series 1958 Bonds and the Series 1958-A Bonds".

So that none of the rights of the holders of any of the bonds left outstanding may be prejudiced, the bonds should be purchased in order of their maturities. In this way all of the bonds of all three issues maturing on July 1, 1964, will be retired before any of the bonds maturing in 1965 are retired, and so on.

The moneys in the Interest and Sinking Fund, by the terms of the resolutions authorizing the bonds above described, are pledged ". . . solely to pay the principal of and interest on the Bonds and to defray the expense incident to such payments . . .".

An interest and sinking fund is a fund specially earmarked for the extinction of a debt, and the object of every such fund is to diminish the debt whose existence warranted its foundation. Clark v. City of Philadelphia, 328 Pa. 521 (1938); 196 A. 384, 387, 388. Bank for Savings v. Grace, 7 N.E.162, 168; 102 N.Y. 313 (1886). The purchase for cancellation of some of its own outstanding bonds by the Board of Directors of Texas Technological College, prior to their stated maturities, is nothing more than a partial extinction of a debt and is in keeping with the stated purpose for which the moneys in the Interest and Sinking Fund are pledged.

## SUMMARY

The Board of Directors of Texas Technological College may, under conditions described, use moneys in the Interest and Sinking Fund for purchase and cancellation of the bonds in question.

Very truly yours,

WAGGONER CARR
Attorney General

By Howard W. Mays
Howard W. Mays
Assistant Attorney General

HWM-s

Mr. R. C. Goodwin, page 4 (C-273)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

James Strock
Joe Long
Charles Swanner
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone